E-FILED
Tuesday, 25 August, 2020  01:17:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| MARQUIS PROCAP SYSTEMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-1020 |
| | ) | |
| NOVOZYMES NORTH AMERICA, | ) | |
| INC. and GREEN PLAINS, INC., | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Pending before the Court is Defendant Green Plains, Inc.'s[1] Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction. ECF No. 56. For the reasons stated below, this motion is GRANTED.

## BACKGROUND

Plaintiff is a dry-mill ethanol facility with its headquarters in Hennepin, Illinois.[2] In addition to fuel-grade ethanol, Plaintiff's facility produces and sells other co-products of ethanol production. In short, Plaintiff asserts that it spent tens of millions of dollars developing an innovative system for processing the co-products of the corn-to-ethanol production and that under the guise of entering a partnership, Defendant Novozymes stole and shared that information with Defendant Green Plains.

Plaintiff pleads that it explored a potential partnership with Novozymes and to that end, Plaintiff shared trade secrets over the period of several months. Novozymes then surprised Plaintiff by announcing it was entering a partnership with Plaintiff's competitor, Defendant

---

[1] Defendant Novozymes North America, Inc. has not moved to dismiss this matter.
[2] The facts in the background section are derived from Plaintiff's Complaint. ECF No. 1

Green Plains. Plaintiff alleges that because the same scientists worked on both partnership and because the partnership with Green Plains would require the use of the trade secrets that Plaintiff shared with Novozymes, that Novozymes must have stolen its information. Plaintiff has sued Green Plains for enticing Novozymes into a breach of the confidentiality agreement.

On January 14, 2020, Plaintiff filed its Complaint seeking emergency injunctive relief against all Defendants. ECF No. 1. In its Complaint, Plaintiff alleges a violation of the Defend Trade Secrets Act against both Defendants (Count I); a violation of the Illinois Trade Secrets Act against both Defendants (Count II); and breach of contract against Novozymes (Count III). Plaintiff also filed an Emergency Motion for Temporary Restraining Order and a Motion to Expedite Discovery, and the Court held a hearing on Plaintiff's emergency requests. During the hearing, the Parties represented that they reached an agreement on the pending emergency motions, and the Court adopted a proposed order submitted by the Parties which addressed issues raised in the emergency motions. ECF No. 19. Defendant Green Plains filed a Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction, explaining that it is an Iowa corporation with a principal place of business in Nebraska with no role in the activity between Novozymes and Plaintiff that occurred in Illinois. Plaintiff, however, asserted in that motion that Green Plains has several subsidiaries that regularly transact business in Illinois and serve as little more than shell companies for Defendant Green Plains. Accordingly, Plaintiff asserted that this Court had general jurisdiction over Defendant Green Plains through its subsidiaries. The Court granted Plaintiff limited jurisdictional discovery and denied the Defendant's Motion with leave to refile. Defendant filed another motion to dismiss for lack of personal jurisdiction at the close of discovery, and this opinion follows.

**LEGAL STANDARD**

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Under Rule 12(b)(2), if this Court lacks personal jurisdiction over Defendant, it must dismiss the Complaint against it. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "Personal jurisdiction determines, in part, where a plaintiff may hale a defendant into court." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Once personal jurisdiction is challenged, the plaintiff has the burden of demonstrating the existence of jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). When a district court rules on a defendant's motion to dismiss without an evidentiary hearing, the plaintiff only needs to prove a *prima facie* case of general jurisdiction. *Id.* (quoting *Purdue*, 338 F.3d at 713).

**ANALYSIS**

Parties may either be subject to either general or personal jurisdiction. *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Parties may be subject to general jurisdiction when they have continuous and systematic contacts with that state and may be haled into court on matters unrelated to their contact with the state. *Id.* Parties may only be subject to specific jurisdiction when the conflict arises from the parties' contact with the forum state. *Id.* In this case, the only dispute is over whether this Court has general jurisdiction over Defendant Green Plains.[3]

For corporations, "general jurisdiction exists only when the organization is 'essentially at home' in the forum State." *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir.

---

[3] The Plaintiff vaguely claims in its response that it "reserves the right to assert specific jurisdiction" over Green Plains. ECF 68 at 23. Plaintiff claims it will address this in a separate motion, but the Court will only decide the motion and arguments presently before it.

2015) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Supreme Court "has identified only two places where [the essentially at home] condition will be met: the state of the corporation's principal place of business and the state of its incorporation." *Id*. (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2104)). "Any additional candidates would . . . require more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice." *Id*. (quoting *Daimler*, 571 U.S. at 137). The Seventh Circuit has described cases where a court has general jurisdiction over a corporation that is not incorporated and does not have its principal place of business in a state as "rare." *Id*.

The parties agree that Green Plains is an Iowa corporation with its principal place of business in Nebraska. Plaintiff points to the contacts of Green Plains' subsidiaries to establish general jurisdiction. In exceptional cases, courts may find that the contacts of the subsidiaries may be imputed to the parent company when the "the subsidiary's only purpose is to conduct the business of the parent." *Cent. States, Se.*, 230 F.3d at 939. Plaintiff dedicates a great deal of its response to explaining why the contacts of the subsidiaries should be imputed to Green Plains but fails to demonstrate that the subsidiaries are subject to general jurisdiction in Illinois. Instead, Green Plains presents unrebutted evidence that none of the subsidiaries that conduct some business in Illinois are incorporated in Illinois or have principal places of business in Illinois. Green Plains further demonstrates that the subsidiaries conduct a relatively small portion of their business in the Illinois.

Plaintiff offers little by way of evidence or argument to rebut Green Plains' assertion that none of the subsidiaries are subject to general jurisdiction in Illinois. Instead, Plaintiff attempts to argue that this Court has already conclusively determined that Green Plains' subsidiaries are subject to general personal jurisdiction. Plaintiff points to a sentence where the court observed

4

that if "Illinois subsidiaries" are conducting Green Plains' business rather than their own, "Defendant can rightfully be sued." ECF No. 50 at 7. This statement was not intended to signal that the Court had conclusively decided the issue of whether the subsidiaries were subject to general jurisdiction in Illinois. Indeed, the Defendant has presented evidence that these subsidiaries are not at home in Illinois and thus, are not "Illinois subsidiaries" for the purpose of general jurisdiction. All that the Court decided in its initial order was that Plaintiff met the relatively low bar to demonstrate that it was entitled to limited jurisdictional discovery. *See Cent. States Se.*, 230 F.3d at 946 ("[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted"); *Ticketreserve, Inc. v. viagogo, Inc.,* 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue.") To the extent that the order could be read to decide any of Green Plains' subsidiaries are subject to general personal jurisdiction in Illinois, that motion is VACATED.

Plaintiff then argues that the Court should ignore the facts that Defendant proffered to show that the relevant subsidiaries do a relatively modest portion of their business in Illinois. Plaintiff argues that Defendant directed a deponent to not answer a question related to this topic, so Green Plains should now be barred from bringing this information. This is problematic for several reasons. Notably, the deponent answered the question, but did so by saying that she would only be able to speculate, and Green Plains points out that the question was beyond the scope of the 30(b)(6) deposition. Additionally, a response to a motion to dismiss is not the appropriate manner to resolve discovery disputes, and Plaintiff does not adequately explain why it could not have requested that information in some other fashion, nor does Plaintiff explain how

5

it was prejudiced by the delayed reveal of this information. Finally, the burden rests upon Plaintiff to prove its motion and must demonstrate that this is the "rare" case for a court to find general jurisdiction when the subsidiaries are neither incorporated nor have their principal place of business in Illinois. The exclusion of Defendant's evidence regarding the percentage of business the subsidiaries does not assist Plaintiff in meeting that burden.

The Supreme Court has made clear that the general jurisdiction requirement that a corporation be "at home" in a state is not synonymous with "doing business" in the state. *Daimler*, 571 U.S. at 139 n. 20. Plaintiff has done little other than show that some subsidiaries do some business in the state, which courts have repeatedly affirmed is not enough. The Court further observes that Defendant points to several important corporate formalities that are respected between Green Plains and its subsidiaries, which undercut Plaintiff's argument that the subsidiaries are merely shell companies for Green Plains. However, the Court need not decide that issue when Plaintiff has failed to demonstrate that those subsidiaries would be subject to general personal jurisdiction in Illinois.

## CONCLUSION

Accordingly, it is ORDERED as follows:

(1) Defendant Green Plains' Motion to Dismiss [56] is GRANTED and Green Plains is DISMISSED from this case.

(2) Defendant Green Plains' Motion to Stay Discovery [71] is DENIED as moot.

(3) To the extent the Court's previous order [50] could be read to conclusively determine that Green Plains' subsidiaries are subject to general jurisdiction in Illinois it is VACATED.

ENTERED this 25th day of August, 2020.

\_\_\_\_/s/ Michael M. Mihm\_\_\_\_\_
Michael M. Mihm
United States District Judge

6