UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARQUIS PROCAP SYSTEM, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-1020 |
| NOVOZYMES NORTH AMERICA, INC., | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant Novozymes North America, Inc.'s ("Defendant") Motion to Dissolve the Agreed Temporary Order. ECF No. 124. For the reasons stated below, Defendant's Motion is GRANTED.

## BACKGROUND

Plaintiff is a dry-mill ethanol facility that in addition to fuel-grade ethanol, also produces and sells other co-products of ethanol production that are valuable.[1] Plaintiff pleads that it spent tens of millions of dollars developing an innovative system for processing the co-products of corn to ethanol, which it calls ProCap. In June 2019, the Parties signed a Mutual Confidentiality Agreement "intended to provide mutual protection for both Parties' disclosure of confidential and proprietary information pursuant to their ongoing business relationship and exploration of future opportunities going forward." ECF No. 1 at 6. On December 16, 2019, Defendant announced that it was "entering into an exclusive partnership and commercialization agreement with Green Plains . . . to develop microbial processes to generate high-protein animal feed during the ethanol production process." *Id.* at 11. Plaintiff alleges that Defendant misappropriated its trade secrets

---

[1] The facts in the background section are derived from Plaintiff's Complaint. ECF No. 1

1

with respect to ProCap and argues that Defendant would "not [be] able to embark on its new venture with Green Plains without misappropriating Marquis's trade secrets in ProCap." *Id*. Because the Court recounted in detail the background of this case in its previous orders, the Court will incorporate the remaining alleged facts in this Opinion. *See* ECF Nos. 50, 90.

On January 14, 2020, Plaintiff filed its Complaint seeking emergency injunctive relief against Defendant. ECF No. 1. In its Complaint, Plaintiff alleges a violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et. seq*. ("DTSA") against both Defendants (Count I); a violation of the Illinois Trade Secrets Act, 765 Ill. Comp. Stat. § 1065, *et. seq*. against both Defendants (Count II); and breach of contract against Novozymes (Count III). *Id.* Also, on January 14, 2020, Plaintiff filed an Emergency Motion for Temporary Restraining Order and a Motion to Expediate Discovery. ECF Nos. 5, 10. On January 15, 2020, the Court held a hearing on Plaintiff's emergency requests. During the hearing, the Parties represented that an agreement had been reached on the pending emergency motions. On January 16, 2020, the Court adopted a proposed Agreed Temporary Order ("ATO") submitted by the Parties. ECF No. 19. On August 25, 2020, Green Plains was dismissed from the case. ECF No. 90.[2] On November 20, 2020, Defendant filed a Motion to Dissolve the Agreed Temporary Order. ECF No. 20. On December 4, 2020, Plaintiff filed its response. ECF No. 136. On December 8, 2020, the Court held a hearing regarding Defendant's Motion to Dissolve the Agreed Temporary Order. This Opinion follows.

## ANALYSIS

The ATO outlined discovery that would be completed before a preliminary injunction hearing, which was originally scheduled in May 2020. The ATO stated that the Parties entered into the order ". . .to allow the Parties to explore settlement, and exchange information to that end. . ."

---

[2] Green Plains was originally a party to the ATO.

ECF No. 19. Additionally, the ATO stated that the Parties agreed to continue to be bound by the Mutual Confidentiality Agreement that they entered in June 2019. *See* ECF No. 1-1. Defendant argues that the ATO should be dissolved for the following reasons: (1) the expedited discovery outlined in the ATO is complete; (2) Plaintiff has failed to identify its alleged trade secrets with particularity as required by the ATO; (3) the ATO was entered only to allow the Parties to explore settlement and exchange information, both of which has occurred; and (4) the ATO was not intended to last beyond May 2020 when a preliminary hearing was scheduled. Plaintiff states that the ATO has been in place for nearly eleven months without any allegation or evidence of resulting harm to Defendant. Plaintiff argues that the Court should keep it in place until an evidentiary hearing can be held. According to Plaintiff, the ATO does not prevent Defendant from conducting its business, including business with Green Plains. Furthermore, Plaintiff contends the ATO should be extended until the preliminary injunction hearing that is currently scheduled for January 25, 2021, because good cause exists under Federal Rule of Civil Procedure 65 due to the Covid-19 pandemic.[3]

      Having heard arguments on the matter, the Court finds that the ATO has served its intended purpose. The Parties have expressed that settlement discussions occurred, information was exchanged, and discovery is complete amongst them. While Plaintiff claims discovery is still outstanding as to Green Plains, they are no longer a party to this case. Through no fault of either Party, the Court recognizes the Parties are frustrated that this matter has not yet reached resolution with the effect being the ATO lasting longer than anticipated. While Plaintiff argues that the ATO should remain in place, in part because of the possibility of a contempt sanction if violated, Plaintiff

---

[3] *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.") The Court notes that the ATO was an agreed-upon order that was entered into by the Parties, which the Court adopted. It was not a temporary restraining order issued by the Court based on any findings.

can present no evidence the Defendant has violated any terms of the ATO. Defendant argues that what was supposed to be temporary has in effect become a temporary restraining order. Plaintiff does not dispute this. As such, while there is an obligation to preserve the status quo until the preliminary hearing occurs so that the Parties arrive on a level playing field, it can be accomplished without the ATO. *See Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 945–46 (7th Cir. 2006) (". . . preserving the status quo serves to protect the settled expectations of the parties. Disrupting the status quo may provide a benefit to one party, but only by depriving the other party of some right he previously enjoyed." (internal citation omitted)). In light of this, the Court orders, under the inherent equitable powers over its own discovery processes, that the parties continue to abide by the Mutual Confidentiality Agreement which is already in effect.

## CONCLUSION

For the reasons stated above, Defendant's [124] Motion to Dissolve is GRANTED. The Parties are ordered to continue to abide by the Mutual Confidentiality Agreement. Status conference remains set for January 11, 2021 to discuss the logistics of the preliminary injunction hearing. Preliminary injunction hearing remains set for January 25, 2021.

ENTERED this 14th day of December, 2020.

                                                        /s/ James E. Shadid
                                                           James E. Shadid
                                               United States District Judge