E-FILED
Wednesday, 28 July, 2021 10:21:00 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

MARQUIS PROCAP SYSTEM, LLC, )
)
Plaintiff, )
)
v. ) Case No. 20-1020
)
NOVOZYMES NORTH AMERICA, INC. )
)
Defendant. )

**ORDER AND OPINION**

This matter is now before the Court on Defendant's Objections to Magistrate Judge's Order Regarding Motion to Compel. (ECF No. 184). For the reasons stated below, the Court DENIES Defendant's Appeal.

**BACKGROUND**

Plaintiff is a dry-mill ethanol facility that in addition to fuel-grade ethanol, also produces and sells other co-products of ethanol production. Defendant Novozymes is an enzyme supplier that did business with Plaintiff for approximately 11 years, providing between $6 million and $10 million per year in products to Plaintiff.

Plaintiff pleads that it spent tens of millions of dollars developing an innovative system for processing the co-products of the corn to ethanol that Plaintiff named the Procap Processes, Products, and System ("ProCap"). In October 2018, Plaintiff and Defendant Novozymes began to preliminarily discuss entering into a collaborative joint venture with respect to ProCap. They then began discussion in earnest in February 2019 and in June 2019, they entered into a formal confidentiality agreement.

Plaintiff alleges that it shared trade secrets over the course of several months and that Novozymes scientists visited their facility and learned a great deal about their various trade secrets. Then, Novozymes surprised Plaintiff by announcing a partnership with Plaintiff's competitor, Green Plains. Plaintiff alleges that because the same scientists worked on both partnerships and because the partnership with Green Plains would require the use of the trade secrets that Plaintiff shared with Novozymes, that Novozymes must have stolen its information.

On January 14, 2020, Plaintiff filed a Complaint against Defendant Novozymes and the now-dismissed Defendant Green Plains. In its Complaint, Plaintiff alleges a violation of the Defend Trade Secrets Act (Count I); a violation of the Illinois Trade Secrets Act (Count II); and breach of contract due to the confidentiality agreement the parties entered. (Count III). The Court later granted Defendant Green Plains' Motion to Dismiss for lack of personal jurisdiction and Plaintiff continued the case against Defendant Novozymes.

Relevant to the present motion, Defendant filed a motion to compel Plaintiff to supplement its responses to Defendant's Interrogatory Numbers 3 and 12 regarding the identification of the trade secrets Plaintiff alleges Defendant misappropriated. Magistrate Judge Hawley ultimately granted in part and denied in part the motion, requiring that Plaintiff to supplement its response to Number 12, and portions of its response to Number 3 to add specificity to its claimed trade secrets and remove generalities. Defendant objects to the portion of Judge Hawley's ruling where he found that the information contained in paragraphs 4a-z of Plaintiff's response to Interrogatory Number 3 did not need to be supplemented at this time.

## LEGAL STANDARD

Defendant seeks review of a non-dispositive matter, and accordingly, this Court reviews the magistrate judge's decision pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72 and

Local Rule 72.2(A). Under the applicable standard, a district court "may reconsider any pretrial matter," but only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Wks. v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (finding no error in any of the discovery rulings by the magistrate judge or district court). Finally, "a magistrate judge's choice between two permissible views of the facts will not meet the clearly erroneous standard." *Peerless Indus., Inc. v. Crimson AV LLC*, No. 11 C 1768, 2013 WL 6050006, at *2 (N.D. Ill. Nov. 14, 2013) ().

**DISCUSSION**

On March 24, 2021, Defendant filed a Motion to Compel Plaintiff to "properly identify its trade secrets and confidential information that allegedly have been misappropriated." ECF No. 174 at 1. Defendant argues that Plaintiff has only provided a vague overview of its purported trade secret and that without a more detailed description of Plaintiff's purported trade secret, it has been forced to produce documents without a relevance filter. Defendant requested that the Court require Plaintiff to supplement its interrogatory answers to identify (1) what specific trade secrets each particular Novozymes employee allegedly misappropriated (i.e., "exactly what technology [each employee is alleged to have taken") and (2) all evidence, if any, that alleged identified trade secret was improperly disclosed to a third party." ECF No. 174 at 2. Within that motion, Defendant argued that dismissal was an appropriate sanction if Plaintiff did not provide complete answers. *Id*. at 11.

At the hearing before Judge Hawley, Defendant asserted that the interrogatory only asks Plaintiff to identify and describe the information concerning ProCap that Defendant provided to

Green Plains. Judge Hawley responded that Plaintiff "can't give you that answer because [Plaintif is] not Novozymes. [Plaintiff is] not Green Plains," noting that Defendant and Green Plains were resisting discovery ECF 185-3 at 8–9. Judge Hawley also observed that the description appears rather detailed and that given that it is a scientific, technical process, the parties could argue about the level of specificity "down to the molecular formulas." *Id*. at 11. Judge Hawley stated that if Defendant wanted to ask more specific questions about certain aspects of Plaintiff's answer then Defendant could do that, but that did not mean Plaintiff's answer was insufficient. Judge Hawley did require Plaintiff to remove certain general information and "tighten up" certain aspects of the language but found that paragraph 4 of Plaintiff's Response to Interrogatory Number 2 was sufficiently detailed. ECF No. 192 at 11.

Defendant argues that that Judge Hawley's order was clearly erroneous because (1) it was based on the premise that the parties have not engaged in substantial discovery and that the trade secrets only need to be defined very broadly; and (2) that Plaintiff sufficiently identified some trade secrets and that once discovery identified what Defendant communicated to Green Plains it would be clear whether that shared information was proprietary. ECF No. 185 at 6.

**a. Judge Hawley did not commit clear error in concluding that portions of Plaintiff's Interrogatory Response were sufficiently specific.**

The parties appear to agree that a plaintiff must identify its trade secrets with reasonable particularity and "broad areas of technology are not enough." *See, e.g., AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 926 (N.D. Ill. 2001); *Vendavo, Inc. v. Long*, 397 F. Supp. 3d 1115, 1130 (N.D. Ill. 2019). At the pleading stage, courts generally take a flexible approach and have found that "trade secret allegations are adequate in instances where the information and the efforts to maintain its confidentiality are described in general terms." *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F.Supp.3d 915, 921 (N.D. Ill. 2016) (quoting *Covenant Aviation*

*Security, LLC v. Berry*, 15 F.Supp.3d 813, 818 (N.D. Ill. 2014)). Moreover, the Seventh Circuit has explained, a "trade secret 'is one of the most elusive and difficult concepts in the law to define.'" *Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 723 (7th Cir. 2003) (quoting *Lear Siegler, Inc. v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 288 (5th Cir. 1978)). Thus, in many cases, determining whether a trade secret exists "requires an ad hoc evaluation of all of the surrounding circumstances" and "whether certain information constitutes a trade secret ordinarily is best resolved by a finder of fact after full presentation of evidence from each side" *Id*. (internal quotations and citations omitted).

In response to Defendant's Interrogatory Number 3, Plaintiff provided an approximately 8-page description of the process that it believes is subject to trade secret protection. Paragraph 4—the paragraph that Defendant argues is insufficiently detailed—is approximately 6-pages long. Defendant argues that without specific context, much of Plaintiff's description is without meaning. At this juncture, Plaintiff's description appears detailed, and without the surrounding context, the Court is unable to say with certainty whether that description contains trade secrets. *See Superior Graphite Co. v. Campos*, No. 19 C 5830, 2021 WL 5210841, at *5 (N.D. Ill. Sept. 1, 2020) ("it has only become clearer that dispositive motions are the venue for challenging the particularity of a claimed party's trade secret"). However, this is merely a discovery dispute and not a dispositive motion. The Court finds no error in Judge Hawley's assessment that Plaintiff has at least provided enough information to move forward with discovery and if Defendant finds certain issues unclear, it can ask follow-up questions or use other discovery methods to clarify Plaintiff's responses. A discovery dispute is not the appropriate time to resolve dispositive issues.

**b. Defendant's argument regarding Judge Hawley's description of being in an early stage of discovery is not persuasive.**

Defendant appealed in part due to Judge Hawley's characterization that the parties are in an early stage of discovery. While Defendant might disagree that they are in early stages of discovery, they are plainly not at the end of discovery. Defendant has refused to provide certain documents because it deems Plaintiff's trade secret disclosure insufficient. Green Plains has also refused to participate in discovery. Accordingly, there is still a great deal of important discovery that must take place and it was not plainly erroneous for Judge Hawley to characterize the discovery as being in the early stages. Moreover, whether the parties are in the beginning or the middle of discovery, the Court's assessment that Plaintiff's response is sufficiently detailed to would not change.

**c. The Court will not consider matters outside scope of the present appeal.**

The briefing from both parties' stray from the relatively narrow issue before the Court regarding Judge Hawley's decision to deny-in-part Defendant's Motion to Compel. In reviewing a magistrate judge's nondispositive order for clear error, this Court will not consider an argument or motion that was not raised before the magistrate judge. To reverse the magistrate judge on grounds not presented to him would undermine the essential function of the magistrate judge in this litigation, which was to decide discovery-related issues in the first instance. *See Boyers v. Texaco Refin. & Mktg., Inc.*, 848 F.2d 809, 812 (7th Cir. 1988); *see also* 28 U.S.C. § 636(b)(1). To the extent the parties seek to have this Court rule on matters outside of their discovery dispute, they must raise those issues in a separate motion with a clear request for relief.

**CONCLUSION**

For the reasons stated above, Defendant's Objections to Magistrate Judge's Order Regarding Motion to Compel [184] is DENIED.

ENTERED this 27th day of July, 2021.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge